NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HALLMARK-PHOENIX 3, LLC,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2011-5089

---

Appeal from the United States Court of Federal Claims in case no. 11-CV-098, Judge Francis M. Allegra.

---

## ON MOTION

---

Before NEWMAN, SCHALL, AND DYK, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

## ORDER

Hallmark-Phoenix 3, LLC (Hallmark) moves for an injunction, pending appeal, and for an expedited consideration of the appeal. The United States opposes. Hallmark replies.

On July 30, 2008, the United States Air Force awarded Hallmark a small-business set aside contract to

perform vehicle operations and maintenance services at Patrick Air Force Base and Cape Canaveral. The contract's period of performance consisted of a base year from October 1, 2008 through September 30, 2009, and four one-year options. On November 5, 2010, the Air Force informed Hallmark that it would not exercise the remaining option-years on the contract, but would be hiring civilian employees to perform the duties.

On February 16, 2011, Hallmark filed a complaint in the United States Court of Federal Claims, alleging that the Air Force's did not comply with 10 U.S.C. § 129a and 10 U.S.C. § 2463 in determining that it would in-source the jobs. Hallmark amended its complaint to clarify that it was not challenging the Air Force's decision not to exercise the options. Subsequently, the Court of Federal Claims granted the United States' motion to dismiss, finding that Hallmark did not possess prudential standing to bring the complaint, because incumbent contractors were not within the zone of interests of either § 129a or § 2463.

Rule 8(a)(1)(C),(2) of the Federal Rules of Appellate Procedure authorizes this court to grant an injunction pending appeal at our discretion. Similar to a motion to stay a judgment or injunction pending appeal, which is authorized under the same rule, our determination is governed by four factors, the first two of which are the most critical: (1) whether the applicant had made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent the requested relief; (3) whether issuance of the relief would substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Based upon the motions papers submitted, and without prejudicing the ultimate disposition of this appeal by a merits

panel, we determine that Hallmark has not met its burden to obtain an injunction.

Hallmark also has not expedited the filing of its opening brief and thus did not take advantage of the easiest way to expedite proceedings. Its request to expedite proceedings, which is not developed in the motions papers, is denied.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The motion for an injunction is denied.

(2) The motion to expedite is denied.

FOR THE COURT

JUL   7 2011
_____                    /s/ Jan Horbaly
        Date                           Jan Horbaly
                                       Clerk

cc:  Bryant S. Banes, Esq.
     Christopher A. Bowen, Esq.

s20

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUL 0 7 2011

JAN HORBALY
CLERK